```
JD:KM/AH
F.#2010R02047
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-                                        10 CR 929 (S-1) (ILG)

ANTHONY ROMANELLO,
    also known as "Rom,"

           Defendant.

- - - - - - - - - - - - - - - - X

## GOVERNMENT'S VOIR DIRE REQUESTS

The Government respectfully requests that the Court ask the following questions in jury selection for this case in addition to the Court's standard questions, including juror's background and potential bias:

I. <u>General Questions</u>

    1.   Have you or has a family member or close friend ever been charged with a crime or been the subject of a criminal investigation?

    1a.  Do you think you or your family member or friend were treated fairly by the criminal justice system?

    1b.  If you answered "no" to Question 1a, why do you feel that you were not treated fairly?

    2.   This case is the result of an investigation by the Federal Bureau of Investigation, also known as the "FBI." Have you or anyone you know had any experience with the FBI? If so,

please describe the nature of that experience, and whether you considered it positive or negative.

   3.   In this case, the defendant is charged with being affiliated with organized crime, specifically the Genovese Crime family of La Cosa Nostra. You will also likely hear testimony about the Gambino and Bonanno Crime families of La Cosa Nostra. Does anyone here have any personal experience, or have you seen, heard or read anything (including books, magazines, movies, television or the internet) about organized crime, the Mafia, or La Cosa Nostra?

   If so, is there anything in what you have seen, heard or read about organized crime, the Mafia or La Cosa Nostra that would make it difficult for you to render a fair and impartial verdict in this case?  If so, please explain.

   4.   In this case, the defendant is also charged with racketeering conspiracy involving illegal gambling. Does anyone here have any personal feelings about the gambling laws in effect in the State of New York that might affect your judgment of this case one way or another.  If so, please explain.

   5.   In this case, the defendant is also charged with racketeering conspiracy involving a firearm. Does anyone here have any personal feelings about the gun laws now in effect in the United States that might affect your judgment of this case one way or another?  If so, please explain.

6. In this case, you will also hear testimony about loansharking. Has anyone here had any experience, either personal or through a close friend or relative, involving loansharking?

7. I am informed that one or more witnesses who may testify on behalf of the government will do so pursuant to a cooperation agreement with the government. These witnesses, you will learn, have committed serious crimes and have agreed to cooperate with the government in hopes of receiving some leniency at sentencing.

A cooperation agreement can be relevant to the credibility of a witness and you may consider the fact that such a witness has entered into a cooperation agreement with the government in assessing that witness's credibility. However, you must assess each witness's credibility individually.

Do any of you feel that because a witness has entered into a cooperation agreement with the government you might have difficulty keeping an open mind in regards to that witness's credibility?

The law permits the government to call witnesses to testify who have themselves committed crimes in the past. It is the law that a defendant may be found guilty based solely on the testimony of a cooperating witness.

Do any of you have feelings about a witness seeking a reduced sentence by cooperating that would make it difficult for you fairly and impartially to consider that testimony or to render a guilty verdict based on the testimony of such a witness?

8. You may hear that law enforcement officers secretly conducted visual, photographic and audio surveillance during the investigation of this case. These investigative techniques are lawful and you may properly consider the evidence obtained in this manner. Do you have any feelings about the use of lawfully conducted secret surveillance that might affect your ability to consider such evidence fairly?

9. You may hear evidence that a witness or witnesses in this case acted in an undercover capacity at the direction of the FBI and secretly recorded conversations with others. This is lawful. Do you have any feelings about lawful undercover investigations that would make it difficult for you to consider such evidence fairly?

10. I understand that some of the witnesses that may be called by the government are members of law enforcement. Would anyone here have any difficulty whatsoever in treating police or law enforcement witnesses like any other witnesses? Does anybody here hold a belief that law enforcement witnesses are less or more likely to be truthful than other witnesses? Is anyone here related to someone in law enforcement or does anyone

have a close friend in law enforcement?  If so, please explain.

      11.   Do you hold religious beliefs that would prevent you from passing judgment on another person?

      12.   Do you know any of the lawyers in this case?

      13.   Do you know the defendant in the case or any members of his family?

      14.   Do you know any of the following persons:

         a.   Carmine Agnello

         b.   Vito Badamo

         c.   Generoso Barbieri, aka "the General"

         d.   Frank Barbone

         e.   Liborio "Barney" Bellomo

         f.   Steve Casper

         g.   Joseph Chilli, Jr.

         h.   John Contello

         i.   James Davis

         j.   Michael D'Urso

         k.   Anthony Federici, aka "Tough Tony"

         l.   Gaetano Fatato

         m.   John "Sonny" Franzese

         n.   Nicholas Frustaci, aka "Nicky the Blonde"

         o.   Lawrence "Larry" Galizia

         p.   Michel "Mickey" Generoso, aka Mickey Damino

         q.   John Gotti

r.  Nicholas Gruttadauria

s.  Richard "Red" Hubert

t.  James "Jimmy" Ida

u.  Fred Leon

v.  Bari Mascitti

w.  Aniello "Neil" Migliore

x.  Joseph Merollo

y.  Vito Napolitano

z.  Anthony Rabito, aka "Fat Anthony"

aa. Doreen Romanello Davis

bb. George Romanello

cc. Nicholas Romanello

dd. Nicholas Santora, aka "Nicky Mouth"

ee. James Scotti

ff. John Sowulski

gg. Robert Sowulski

hh. Charles Tuzzo, aka "Chuckie Tuzzo"

ii. Andrew Zorsch

jj. Detective Joseph Chimienti, NYPD

kk. Special Agent Stacy Bowery, FBI

ll. Investigator John Carillo, NYPD

mm. Special Agent Vincent D'Agostino, FBI

nn. Special Agent Timothy Flannelly, FBI

oo. Special Agent Elizabeth Fries, FBI

    pp.  Special Agent Ernest Jackson, FBI

    qq.  Special Agent Cheryl Johnson, FBI

    rr.  Special Agent George Khouzami, FBI

    ss.  Detective Matthew Moroney, NYPD

    tt.  Special Agent James Destefano, FBI

    uu.  Special Agent Anthony Zampogna, FBI

    vv.  Special Agent Robert Vandette, FBI

    ww.  Special Agent Glenn Muenzer, FBI

    xx.  Special Agent Bruce Sherban, FBI

    yy.  Special Agent Ralph Tucker, FBI

    zz.  Special Agent Michael Tyms, FBI

    aaa. Christopher Dobbins, Incompass

    bbb. James Douglas Dunlap, FBI

    ccc. Gregg Mokrzycki, FBI

14. Do you know any of the following businesses and places:

    a.  107-24 Corona Avenue, Corona NY (Queens)

    b.  Café Corona, Corona NY (Queens)

    c.  Parkside Restaurant, 107-01 Corona Avenue, Corona NY (Queens)

    d.  Trinity (cement and construction company)

   e. Queensboro (cement company)

   f. V&L (cement company)

         Respectfully submitted,

         LORETTA E. LYNCH
         United States Attorney
         Eastern District of New York

      By:   /s/
         Jack Dennehy
         Amanda Hector
         M. Kristin Mace
         Assistant U.S. Attorneys

cc: Clerk of Court (ILG (by ECF)
   Gerald McMahon, Esq. (by ECF)
   Matthew Mari, Esq. (by ECF)