

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG:JD/AH/MKM
F.#2010R02047

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 27, 2011

By ECF and Hand Delivery

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Anthony Romanello
             10 Cr. 929 (S-1) (ILG)

Dear Judge Glasser:

     Trial in the above-captioned case is scheduled to commence on December 5, 2011. The government respectfully moves <u>in limine</u> to preclude the defense from presenting arguments to the jury concerning the government's alleged motives in prosecuting this case. Specifically, the government moves to prevent the defense from arguing that the government is prosecuting Anthony Romanello in an effort to obtain his cooperation with law enforcement, as retribution for his refusal to do so, or from improper personal motives on the part of prosecutors and law enforcement agents.

     The law is clear that arguments concerning an alleged improper governmental motive may be presented to the Court, but not the jury. Nevertheless, the same attorneys who are now counsel for the defendant Anthony Romanello attempted to present such arguments to the jury in the recent trial in <u>United States v. Anthony Antico</u>, 08-CR-559 (CBA), and they have signaled an intention to do so again in this case. Not only has this Court already considered and rejected Romanello's prosecutorial vindictiveness argument raised in his second motion to dismiss, but any such arguments – in the opening statement, cross-examination of the government's witnesses, or summation – would be irrelevant to the issue of guilt or innocence and would constitute an improper attempt to encourage jury nullification.

2

For these reasons, and the reasons set forth below, the government respectfully requests that the Court preclude the defense from making such improper arguments to the jury in the upcoming trial.

I. Any Claims By the Defense of an Improper Governmental Motive Present a Legal Question Properly Directed to the Court, Not the Jury

The United States Supreme Court has made clear that a claim that a prosecution has been brought selectively, or from improper motives, "is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996). "Because it involves a defect in the institution of the prosecution, the selective prosecution defense is an issue for the court rather than the jury." United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997) (internal quotations omitted); accord United States v. Berrigan, 482 F.2d 171, 175 (3d Cir. 1973) ("The question of discriminatory prosecution relates not to the guilt or innocence of appellants, but rather addresses itself to a constitutional defect in the institution of the prosecution."); United States v. Marcum, 16 F.3d 599, 602 (4th Cir. 1994) (same); United States v. Abboud, 438 F.3d 554, 579-80 (6th Cir. 2006) (same); United States v. Jones, 52 F.3d 924, 927 (11th Cir. 1995) ("selective prosecution is a defect in the institution of the prosecution that has no bearing on the determination of factual guilt"); United States v. Washington, 705 F.2d 489, 495 (D.C. Cir. 1983) ("the issue of selective prosecution is one to be determined by the court . . . as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged").

Any claim alleging a defect in the institution of the prosecution based on alleged governmental motives must be raised with the Court in advance of trial. Fed. R. Crim. P. 12(b)(3)(A); United States v. Farhane, 634 F.3d 127, 167 (2d Cir. 2011). A claim not made prior to the commencement of trial is deemed waived. See Fed. R. Crim. P. 12(e).

Because the government's alleged motive in bringing charges against a defendant is irrelevant to guilt, by asking the jury to focus on this, the defense would be encouraging the jury to decide the case on the basis of something other than the elements of the charged crimes. That is impermissible. See, e.g., United States v. Rosado, 728 F.2d 89, 93 (2d Cir. 1984)

(arguments about selective prosecution "invited jury nullification by questioning the Government's motives in subpoenaing appellants and prosecuting them for contempt"); see also United States v. Thomas, 116 F.3d 606, 615-16 (2d Cir. 1997) (noting that "trial courts have a duty to forestall or prevent jury nullification"). Courts therefore preclude criminal defendants from presenting such arguments to the jury in the opening and summation, as well as in cross examinations of the government's witnesses.

In Farhane, for example, Chief Judge Loretta Preska of the Southern District of New York sustained an objection by the government to defense counsel's argument in summation that the government had targeted the defendant for prosecution based on his religion. 634 F.3d at 166. The court then instructed the jury as follows:

> Ladies and gentlemen, the decision of the government to investigate an individual or the decision of a grand jury to indict an individual is none of your concern. The only concern this jury has is whether or not the government has or has not proved each element[ ] of the crimes charged beyond a reasonable doubt.

Id. On appeal, the Second Circuit unequivocally held that there was "no error in the district court's challenged rulings with respect to the defense summation" because "a selective prosecution defense alleges a defect in the institution of the prosecution, and as such is an issue for the court rather than the jury." Id. at 167 (internal quotations omitted).

Similarly, in United States v. Stewart, Judge Miriam Cedarbaum of the Southern District of New York granted the government's motion to preclude the defense from cross-examining government witnesses or arguing to the jury that the government's prosecution of Martha Stewart was driven by an improper motive. 2004 WL 113506, *1 (S.D.N.Y. Jan. 26, 2004). The court explained:

> [T]he defense wishes to elicit from witnesses who are cooperating with the Government their understanding of the Government's eagerness to obtain evidence against Ms. Stewart. But any evidence that raises questions of prosecutorial bias against Stewart has no bearing on the issues properly before the jury, including the credibility of

4

>     cooperating witnesses. Therefore, such
>     evidence is inadmissible. The defendants
>     are, of course, free to raise questions about
>     the credibility and reliability of
>     cooperating witnesses. But defendants may
>     not use their ability to impeach such
>     witnesses to introduce impermissible evidence
>     of prosecutorial motive.

Id.

As in Farhane and Stewart, this Court should preclude Romanello from presenting to the jury improper arguments concerning alleged governmental motives because such arguments may only be presented to the Court. Moreover, the defense already presented its claim of prosecutorial vindictiveness in this case and the Court rejected it. See Def.'s Second Motion to Dismiss, dated July 1, 2011 (Docket Entry No. 40)[1]; Order Denying Motion, dated August 26, 2011 (Docket Entry No. 47). Therefore, any such argument at trial would be inconsistent with this Court's prior rulings.

II. Defense Counsel May Be Intending To Make Improper Governmental Motive Arguments to the Jury in the Upcoming Trial

Despite the clarity of the law precluding arguments to the jury concerning alleged governmental motive, there is reason to believe that the defense may be planning to make such arguments in the upcoming trial. Romanello's defense counsel recently tried to do just this in the United States v. Anthony Antico trial before Chief Judge Amon. In the opening statement in that case, the defense contended that the government's prosecution of the defendant was motivated by two things: (1) a vindictive desire to punish the defendant for not cooperating with the government; and (2) a desire to advance the careers of the government agents and prosecutors. The defense's opening statement began as follows:

---

[1] See also 6/13/2011 Hearing Tr. at 11 (Defense counsel: "I do believe the government's bringing of that charge in that fashion at this late hour and the broadness of the charge and its patent insufficiency on its face suggests a little prosecutorial vindictiveness. I will argue in my papers they wanted a plea. It was always a case on track for a plea and we don't have a plea and all of a sudden the government wishes to up the ante and charge my client with a 924(c) count.").

5

> May it please the Court, Judge Amon, Mr.
> Antico, Mr. Mari, members of the prosecution
> team, members of the jury, in November of
> 2009 and January of 2010, the government
> made Anthony Antico an offer that he couldn't
> refuse, and he refused it. And that's why
> we're here today.

(7/14/10 Tr. at 15:18-22). The defense later continued:

> For law enforcement, the Mafia is a virtual
> mother's milk. You get publicity, you get
> promotions, agents get promoted, prosecutors
> became mayors, governors, whatever. And
> because of the lure and the allure of the
> Mafia and the prosecutions, what sometimes is
> just an ordinary street crime a robbery, a
> gambling, by ordinary street criminals,
> becomes something different, something
> bigger. It becomes a racketeering charge.
> And that's precisely what we have here. And
> that brings us back to the offer that the
> government made to Anthony Antico.

(Id. at 17:4-13). Defense counsel then purported to explain why the government was going to such "lengths" to prosecute his client:

> And now let me tell you why they . . . go to
> these lengths. Because in that November 2009
> trip by the government, two agents of the FBI
> went to see Anthony Antico over here at MDC
> in Brooklyn and they told him, they said,
> Anthony, if you don't cooperate with us and
> become a cooperator for the government and
> testify for us, we're going to indict you on
> this jeweler murder, the botched robbery and
> the murder. They went there unannounced in
> November 2009. No lawyers, no nothing, two
> FBI agents show up, George Khouzami and
> Jennifer King. January 10, 2010, earlier
> this year, Mr. Antico has been shipped out to
> Tucson, Arizona. Whether it's in retaliation
> for not immediately agreeing, who knows.

(Id. at 22:15-23:2).

6

The defense continued with these themes throughout the trial, and even during the cross-examination of several of the government's witnesses. (See e.g., id. at 252:21-253:13; 300:16-24; 409:8-20; 410:11-18). Ultimately, upon questioning by the Court, defense counsel frankly acknowledged the improper intention of trying to impugn the government's motives in prosecuting his client:

> THE COURT:    What you were trying to establish is that this indictment is somehow some vendetta against Mr. Antico for failing to cooperate?
>
> MR. McMAHON:  Precisely.

(Id. at 55:2-5).

The government anticipates that the defense is contemplating using this same improper tactic in the upcoming trial of Romanello. For example, they signaled an intent to do so in a June 10, 2011 letter to the Court in response to the government's Curcio letter alerting the Court to a potential conflict of interest. (Docket Entry No. 33). Although the only issues under consideration were whether defense counsel had a conflict of interest and whether the defendant wished to waive the conflict, they nevertheless sought to interject the issue of the government's alleged motive in seeking the superseding indictment. They wrote: "if there is any conflict in this case it is the prosecutor's office and Agent George Khouzami who were responsible for murder, robbery and 924(c) charges being brought against Mr. Antico, which charges were unanimously repudiated by an Eastern District jury last year." Id.[2]

Defense counsel should be precluded from making this type of argument to the jury in the upcoming trial. Such an argument may be made to the Court – which Romanello already did – but not to the jury, Regan, 103 F.3d 1072, and it would be an improper attempt to encourage jury nullification, which courts are duty-bound to prevent. Thomas, 116 F.3d at 615-16 ("trial courts have a duty to forestall or prevent jury nullification").

---

[2] Contrary to defense counsel's suggestion, the jury did not "repudiate" the case against Anthony Antico. Although he was acquitted on some counts, he was convicted of a racketeering conspiracy and is serving a nine year sentence.

7

III. <u>Conclusion</u>

      For the foregoing reasons, the government respectfully requests that the defense be precluded from presenting arguments to the jury in opening statement, cross examination of the government's witnesses, and summation, concerning the government's alleged motives in prosecuting this case against Romanello.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                     By:   /S/
                              Jack Dennehy
                              Amanda Hector
                              Kristin Mace
                              Assistant U.S. Attorneys

cc:   Clerk of Court (ILG)(by ECF)
     Gerald McMahon, Esq. (by email and ECF)
     Matthew Mari, Esq. (by email and ECF)