**GERALD J. McMAHON, ESQ.**
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004
(212) 797-1877 (tel)
(212) 797-1419 (fax)
gm@geraldjmcmahon.com (e-mail)


June 14, 2012

<u>By ECF and Facsimile</u>

The Honorable I. Leo Glasser
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Anthony Romanello</u>
    10 Cr. 929 (S-1) (ILG)

Dear Judge Glasser:

  I write in advance of Anthony Romanello's sentencing, which is scheduled for 12 noon on June 15, 2012, to respectfully request that the Court impose a non-custodial sentence. The charges to which defendant pleaded guilty: illegal gambling in or around 1999, and the attempted extortion of a deadbeat debtor in the same time frame, are both ancient and mild in the spectrum of organized criminal activity. Additionally, as the accompanying letters to the Court make clear, Mr. Romanello is a good-hearted man who plays a significant, positive role in the lives of his children and grandchildren.

I. **The Standard**

  The Guidelines range is but one of many factors set forth in 18 U.S.C. § 3553(a) that a district court is to consider when imposing sentence. <u>See generally</u> *United States v. Booker*, 543 U.S. 220 (2005). "The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Nelson v. United States*, 129 S.Ct. 890, 892 (2009) (emphasis in original). A district court's disagreement with the policy considerations of the Guidelines, for example, is a legitimate basis for sentencing below a given range. <u>See</u> *Gall v. United States*, 128 S.Ct. 586, 602 (2007) (upholding a district court's sentence of probation in a case involving the distribution of over 10,000 pills of ecstasy where the Guidelines range was 30-37 months); *Kimbrough v. United States*, 128 S.Ct. 558, 576 (2007) (upholding a district court's decision to sentence a defendant below the Guidelines range based on a disagreement with the Guideline's

The Honorable I. Leo Glasser
United States District Judge
June 14, 2012
Page Two

policy of treating the distribution of crack cocaine more severely than powder cocaine). In every case, the sentencing court "must make an individual assessment based on the facts presented." *Gall*, 128 S.Ct. at 597.

The overarching command of 18 U.S.C. § 3553(a) is that sentences should be "sufficient, but not greater than necessary" to achieve the basic goals of retribution, deterrence and rehabilitation. To arrive at such a sentence, district courts are directed to consider: (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the need for the sentence imposed to provide just punishment, deterrence, and needed educational and vocational training; (3) the kinds of sentences available; (4) the Guidelines range and any pertinent policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution. Id.

**II.     The Sentencing Factors**

   A.     <u>The Nature of Defendant's Conduct Supports the Requested Sentence</u>

The defendant admitted operating a gambling club in 1999, and agreeing with others to threaten to use physical force to collect money owed by a deadbeat debtor (Pete Falcone), also in 1999. Those crimes are sufficient to support a RICO conspiracy conviction, but they are not so heinous or violent as to require a jail sentence for a 74 year old man – 13 years after the fact.

   B.     <u>Defendant's Background & Characteristics Support the Requested Sentence</u>

Mr. Romanello is 74 years old and not in good health, suffering from Hepatitis C and chronic obstructive pulmonary disease. PSR: ¶ 106-112. He is also legally deaf. Mr. Romanello's wife, who is also 74 years old, has serious health problems which required her hospitalization for three months a year ago. PSR: ¶ 97. While defendant has a criminal history, the convictions were generally for nonviolent crimes with the exception of a misdemeanor assault forty-one years ago. He is, by all accounts, however, "a great person, a great father and husband, and an excellent grandfather." PSR: ¶ 99. Most notably, Mr. Romanello provides a crucial positive influence in the lives of two of his grandchildren, one of whom was sexually abused by her father at the age of three. PSR: ¶ 100-102. The sentencing letters (submitted under separate cover) describe a warm, good-hearted family man – precisely the sort of individual for whom a jail sentence is **not** necessary and appropriate.

The Honorable I. Leo Glasser
United States District Judge
June 14, 2012
Page Three

      C.     <u>The Requested Sentence Will Provide Sufficient Punishment & Deterrence</u>

A felony conviction with a non-custodial sentence, for a 74 year old man convicted of running a gambling club and threatening to punch out a deadbeat debtor – 12 years ago – clearly provides sufficient punishment and deterrence.

      Very truly yours,

      <u>/s/   Gerald J. McMahon</u>
      Gerald J. McMahon (GM 4314)

GJM:cw
cc: All Counsel
    (by ECF)

lt371