# Gang Land News

Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ JUN 22 2012 ★
BROOKLYN OFFICE

June 19, 2012

Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:    *United States v. Romanello*, 10-CR-929 (ILG)**

Dear Judge Glasser:

I am a reporter/columnist who has written numerous articles about the indictment in the referenced matter since it was filed in 2010.

As an interested party, I petition you to treat this letter as a *pro se* motion to order the government to furnish me a copy of the plea agreement between the government and the defendant, Anthony Romanello. As you are aware, the defendant has resolved the charges against him by pleading guilty in the case. He was sentenced last week.

Upon information and belief, the plea agreement between the government and the defendant was marked as a court exhibit during the proceeding at which he pleaded guilty.

In numerous cases, the Second Circuit has recognized a motion to intervene as the procedurally proper device for purposes of protecting the public's right of access in a criminal proceeding. *See e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *In Re: The Herald Company,* 734 F.2d 93, 96 (2d Cir. 1984). Accordingly, I ask that you allow me to intervene for the limited purpose of asserting the public's right of access to the plea agreement between the government and Romanello, and that you treat this letter as a *pro se* motion. I have contemporaneously delivered (via fax or email) a copy of this letter to the government attorneys as well as the lawyers for the defendant.

# Gang Land News
Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

It is well established in this district, and in federal courts around the country, that except for extraordinary reasons, namely those that involve national security or the safety of witnesses or other individuals, the public and the press have a common law right as well as a First Amendment right to all judicial documents, including exhibits, in all criminal cases.

The plea agreement is an important judicial document. In this case, it memorializes the agreement by which the government and the defendant, an alleged member of the Genovese crime family, agreed to resolve the charges in his indictment, instead of at a public trial.

I am unable to obtain a copy of the plea agreement, however, because even though it is an official court exhibit, it is maintained by the office of U.S. Attorney Loretta Lynch.

Over the past several months, Robert Nardoza, the official spokesperson for the U.S. Attorney's office, has declined to provide copies of plea agreements that his office has reached with defendants unless I file a motion with the judge assigned to the case. According to Nardoza, the official policy of the office requires members of the media to file an official request for the plea agreements with the Court, even though in two recent cases in this district, Assistant United States Attorneys have stated in public filings that the public and press have a common law as well as a First Amendment right to plea agreements since they are public records.

The two cases are *United States v. Graziano et al.*, (Docket #12-CR-50), and *United States v. Guerra et al.*, (Docket #10-CR-147). I have attached the letters the government filed in response to the *pro se* letter motions that I submitted for plea agreements in those cases to Chief Judge Carol Bagley Amon and the Honorable Sandra Townes.

The Office policy regarding plea agreements applies even in cases in which the government has conceded that the agreements are official court documents that the public and press have a right to examine. That policy was reiterated just last week, when I requested the plea agreements of two additional defendants in the *Guerra* case who pleaded guilty Friday, June 8.

Even though the government had submitted a response to my initial *pro se* motion in the *Guerra* case agreeing that the plea agreements are public records, Nardoza informed me that the "official policy" required that I file another official request for the additional plea agreements to Judge Townes. I have attached a copy of that letter motion, which has not yet been docketed.

2

# Gang Land News
Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

For all the reasons cited above, I ask most respectfully that your Honor order the government to make the plea agreement between the U.S. Attorney's office and the defendant available to the press and the public.

In addition, I ask that your Honor order the U.S. Attorney's office to make all plea agreements that the government reaches with defendants in all criminal cases to which you are assigned available to the press immediately after it receives a request for one, unless the government establishes that one of the limited exceptions to the public's right to such documents exists. This practice would eliminate the need for me – and other news reporters – to waste the time of the Court, prosecutors, and defense lawyers in dealing with what should be a routine matter.

Thank you.

Respectfully,

Jerry Capeci

cc: Robert Nardoza; AUSAs Jack Dennehy, Amanda Hector

Lawyers Gerald McMahon, Mathew Mari

3



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TM:JD
F.#2011R02050

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 20, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Anthony Graziano, et al.
            <u>Criminal Docket No. 12-050 (S-2)(CBA)</u>

Dear Chief Judge Amon:

     The government respectfully submits this letter in response to the April 12, 2012 request by a member of the media for disclosure of the plea agreements in the above-captioned matter.[1] (Docket Entry # 117). For the reasons set forth below, the government does not object to the disclosure of the agreements to members of the media.

     Under the common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978). Similarly, under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." <u>Hartford Courant Co. v. Pellegrino</u>, 380 F.3d 83, 91 (2d Cir. 2004); <u>see also</u> <u>Press-Enterprise Co. v. Superior Court of Cal.</u>,

---

    1    In this matter, five defendants have entered guilty pleas, pursuant to written agreements with the government, before the Court and Magistrate Bloom. Executed copies of those agreements, collectively marked as Government Exhibits 1-5 (relating to defendants LaForte, Balsamo, Calabrese, Graziano and Badalamenti, respectively) have been provided to the Court.

2

478 U.S. 1, 9 (1986). According to the Second Circuit, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at times yield to more compelling interests." United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008).

In United States v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988), the Second Circuit held that there was a qualified First Amendment right of access to plea agreements. In the instant matter, the pleas were taken on the record in open court, and neither the plea colloquys nor the plea agreements themselves have been ordered sealed by the Court.

For the foregoing reasons, the government respectfully advises the Court that, absent any objection from individual defendants, the government does not object to the disclosure of the plea agreements to the media as requested.

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: _____/s/_____
Jack Dennehy
Assistant U.S. Attorney
(718) 254-6133

cc: Defense Counsel (by ECF)



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NMA

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 30, 2012

By Hand Delivery and ECF

The Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Francis Guerra, et al.
          Criminal Docket No. 10-147 (S-4)(CBA)

Dear Judge Townes:

      The government respectfully submits this letter in response to the May 25, 2012 request by a member of the media for disclosure of the plea agreements in the above-captioned matter.[1] For the reasons set forth below, the government does not object to the disclosure of the agreements to members of the media.

      Under the common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). Similarly, under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004); see also Press-Enterprise Co. v. Superior Court of Cal., 478 U.S. 1, 9 (1986). According to the Second Circuit, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at

---

     1    In this matter, five defendants have entered guilty pleas, pursuant to written agreements with the government, before the Court and Magistrate Judge Mann; specifically, defendants Bombino, DiMichele, Garofalo, Petrizzo and Preza.

2

times yield to more compelling interests." <u>United States v. Aref</u>, 533 F.3d 72, 83 (2d Cir. 2008).

In <u>United States v. Haller</u>, 837 F.2d 84, 86-87 (2d Cir. 1988), the Second Circuit held that there was a qualified First Amendment right of access to plea agreements. In the instant matter, the pleas were taken on the record in open court, and neither the plea colloquys nor the plea agreements themselves have been ordered sealed by the Court.

For the foregoing reasons, the government respectfully advises the Court that, absent any objection from individual defendants, the government does not object to the disclosure of the plea agreements to the media as requested.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      UNITED STATES ATTORNEY

By:         /s/
      Nicole M. Argentieri
      Rachel J. Nash
      Allon Lifshitz
      Assistant U.S. Attorney
      (718) 254-6232/6072/6164

cc: Defense Counsel (by ECF)

# Gang Land News

Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

June 10, 2012

Honorable Sandra Townes
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: US v. Guerra et al, Docket #10CR147

Dear Judge Townes:

This is a follow-up to my "pro-se" letter motion of May 25, 2012 (document # 504), and the government's reply of May 30, 2012 (document #499), and your ruling on the matter. As explained to me by your courtroom deputy Veronica Frullo, it instructed the government to make the five plea agreements in question available to the press and the public on June 4.

Yesterday, the official spokesman for the U.S. Attorney's office, Robert Nardoza, indicated that tomorrow, on Monday, June 11, 2012, he would provide me the plea agreements of defendants Edward Garofalo, Alicia Dimichele, Anthony Preza, Thomas Petrizzo and James Bombino.

However, in response to a request for the plea agreements of the latest defendants to plead guilty in the case, Michael Persico and Theodore Persico Jr., he stated that in order for me to obtain those documents, it would be necessary for me to file another "pro-se" motion with the court.

For all the reasons stated in my original letter motion, and the reply by the government, I ask that the court order the government to make available the plea agreements between the government and the defendants, Michael Persico and Theodore Persico Jr., who pleaded guilty on Friday.

In addition, I also ask that you order the government to make available in the future any and all

1

# Gang Land News
Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

plea agreements between the government and any other defendants who should decide to plead guilty, to the press and the public — without requiring a representative of the media to file a motion for their release with the court.

(I have contemporaneously delivered (via fax or email) a copy of this letter to the government and attorneys for Michael Persico and Theodore Persico Jr.)

Thank you.

Sincerely,

*[signature]*

Jerry Capeci

cc Robert Nardoza; AUSAs Nicole Argentieri, Rachel Nash, Allon Lifshitz

   Lawyers Sarita Kedia, Paul Shechtman, Elizabeth Macedonio, James Neville

# FAX COVER SHEET

| | |
|---|---|
| TO | |
| COMPANY | |
| FAX NUMBER | 17186132446 |
| FROM | Jerry Capeci |
| DATE | 2012-06-19 17:19:41 GMT |
| RE | Pro Se Motion, US v Romanello, 10CR929 (ILG) |

## COVER MESSAGE

Submitted by Jerry Capeci
Gang Land News
P.O. Box 863
Long Beach, NY 11561
http://www.ganglandnews.com